a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANIEL LEE FROST #555375,<br>Petitioner | CIVIL DOCKET NO. 1:24-CV-00254<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 6) filed by pro se Petitioner Daniel Lee Frost ("Frost"). Frost is detained at the Natchitoches Parish Detention Center. He seeks release from custody from his allegedly unconstitutional detention as well as money damages.

Because Frost has not satisfied the exhaustion requirement and damages are unavailable through a habeas action, the Petition (ECF No. 6) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Frost alleges that his detention is illegal because he has "a right to [his] freedom"; he received improper notice of his charges; and he is entitled to a different attorney. Frost also makes unintelligible arguments referencing the Bible. ECF No. 6 at 6-8.

Frost asserts that he filed a "motion called edict municipal mandamus" in the trial court. *Id.* at 6.

II. <u>Law and Analysis</u>

A petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A state pre-trial detainee may request habeas relief under § 2241 for pre-trial issues such as violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson*, 816 F.2d 220, 225 (5th Cir. 1987). The exhaustion requirement provides the state with an opportunity to confront and resolve any constitutional issues arising within its jurisdiction, and limits federal interference in the state adjudicatory process. *Id.*

A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The highest state court in Louisiana is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A). Therefore, a Louisiana pretrial detainee may not proceed in federal court under § 2241 unless he has first presented his claims to the Louisiana Supreme Court.

Accordingly, Frost must file a state habeas petition in the Tenth Judicial District Court, where his criminal case is pending. If denied, he must seek discretionary review in the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court prior to seeking relief in federal court. *See Wilson v. Foti*,

832 F.2d 891, 893 (5th Cir. 1987); *Prudhomme v. Iowa Police Dep't*, 07-CV-0745, 2007 WL 2702183, at *3 (W.D. La. Aug. 22, 2007).

Finally, Frost's request for money damages is improper under § 2241 because damages are not an available habeas remedy. *See Nelson v. Campbell*, 541 U.S. 637, 646 (2004).

### III. Conclusion

Because Frost has not exhausted his claim in state court and cannot recover money damages through a habeas petition, IT IS RECOMMENDED that the Petition (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, May 8, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE